IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr224

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| SCOTTIE HARRISON | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the government's Notice of Appeal (Doc. No.

24) of the magistrate judge's release order (Doc. No. 23) and the defendant's response (Doc. No.

25). For the reasons stated below, the Court will revoke the release order and detain the defendant

pending resolution of the petition to revoke his supervised release.

The defendant is serving a two-year term of supervised release which began on September

8, 2006, following his conviction for possessing a firearm after being convicted of a felony. (Doc.

No. 19: Petition). On September 4, 2008, the defendant was arrested based on a petition alleging

that the defendant committed new offenses on August 1, 2008. (Doc. No. 19: Petition; Doc. No.

21: Executed Arrest Warrant). According to the petition and information presented at the

detention hearing, the defendant entered the victim's motel room with others, beat him with a

baseball bat, and shot him. The magistrate judge was informed that the victim recanted earlier

statements implicating the defendant and that witnesses gave contradictory accounts of the assault.

The defendant bore the burden to establish by clear and convincing evidence that he does

not pose a danger to any other person or the community. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. §

3143(a); United States v. Loya, 23 F.3d 1529, 1530 (9th Cir. 1994) (interpreting earlier version of

rule)).  The magistrate judge made no finding regarding the defendant's dangerousness, but rather criticized the strength of the evidence regarding the alleged new law violations.  Even so, the magistrate judge made no finding that probable cause was lacking. Fed. R. Crim. 32.1(b)(1)(A).

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial release order. United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992).  However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

The Court has carefully conducted a de novo review of the hearing before the magistrate judge[1] and the entire record in this case and finds the magistrate judge's decision to release the defendant was in error.  The proof offered by the defendant fell well below that required to establish by clear and convincing evidence that he does pose a danger to any other person or the community. 18 U.S.C. § 3143(a).  The defendant is being supervised following his conviction for possessing a firearm after being convicted of a felony.  The nature of the alleged new offenses was extremely violent, involving the discharge of a firearm and serious injury to the victim.  The defendant has three prior convictions for assaultive behavior and he violated in two prior state court cases. (Doc. No. 19: Petition).  The defendant's conditions of supervision in this case were previously modified based on repeated drug use. (Doc. No. 18: Order).  Thus, the Court finds that the defendant failed to establish by clear and convincing evidence that he does not pose a danger to any other person or the community.

---

[1]  The hearing was not transcribed; however, the Court reviewed an audio recording of the proceedings.

**IT IS, THEREFORE, ORDERED** that the magistrate judge's release order (Doc. No. 23) is **REVOKED** and the defendant is committed to the custody of the Attorney General.

**IT IS FURTHER ORDERED** that, to the extent practicable, the defendant shall be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance with a court proceeding.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: September 29, 2008

Robert J. Conrad, Jr.
Chief United States District Judge